09-0579-cr
United States v. Ballares

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24ᵗʰ day of May, two thousand ten.

PRESENT: DENNIS JACOBS,
                              **Chief Judge**,
                RALPH K. WINTER,
                JOSEPH M. McLAUGHLIN,
                              **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - -X
United States of America,
          **Appellee**,

          **-v.-**                                    09-0579-cr

Andres Ballares, Maria Lugo, Vincente Franco,
          **Defendants**,

Jose Herrera,
          **Defendant-Appellant**.
- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**        Robert M. Beecher, New Providence, NJ.

1

**FOR APPELLEE:**	Jo Ann M. Navickas, Robert L. Capers, Assistant United States Attorneys, of counsel, for Benton J. Campbell, United States Attorney for the Eastern District of New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Jose Herrera appeals from the sentence imposed in a judgment of conviction entered February 12, 2009 in the United States District Court for the Eastern District of New York (Weinstein, <u>J.</u>).  Herrera, member of a cross-border Mexican drug-trafficking operation, pled guilty to one count of conspiring to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A).  The district court sentenced him principally to 135 months' imprisonment (the bottom of the Guidelines' range), after considering, <u>inter alia</u>, the substantial impact of illegal drug importation from Mexico.  We assume the parties' familiarity with the underlying facts, the case's procedural history, and the issues presented for review.

We review the district court's sentencing decision for "reasonableness," applying "the familiar abuse-of-discretion standard," <u>Gall v. United States</u>, 552 U.S. 38, 46 (2007); and we affirm.  Herrera contends that the sentence is improperly predicated on adverse effects in Mexico.  However, the district court predicated its sentencing decision in part on the domestic impact of cross-border drug trafficking, noting that "[t]ransnational drug trafficking . . . poses considerable danger to communities in the United States in which [the drugs] are distributed," and that the corruption and violence associated with such trafficking are "related to the total danger within this and other jurisdictions."  The district court did not abuse its discretion by considering these facts.  <u>See</u> 18 U.S.C. § 3553(a)(2) (sentencing court should consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; . . . [and] to afford adequate deterrence to criminal conduct").  And they are alone

2

sufficient to support the sentence imposed. Cf. United States v. Cavera, 550 F.3d 180, 197 (2d Cir. 2008) (in banc) (declining on harmless error grounds to consider alternative basis for sentence).

Finding no merit in Herrera's remaining arguments, we accordingly **AFFIRM** the district court's judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK